UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LUIS GURMENDI,

        Plaintiff,                                      **REMAND ORDER**
                                                                   12-CV-1856 (RRM)(LB)
    - against -

ELIAS VILLAREVIA,

        Defendant.
-----------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      This state-law personal injury action, arising out of a motor vehicle accident in New Jersey between plaintiff, a Queens New York resident and defendant, a New Jersey resident, was removed by plaintiff from the Supreme Court of the State of New York, Queens County, to this Court on April 20, 2012 on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  (Doc. No. 1.)  As reflected in the notice of removal, the state court action was commenced on September 13, 2011, and defendant was served with a summons and complaint on October 6, 2011.[1]  (*Id.*)  Plaintiff's notice of removal is ostensibly predicated on a stipulation signed by the parties and so ordered by the state court judge agreeing to transfer the action to "either Federal District Court or New Jersey Superior Court."  (*Id.* at 12-13.)

      The right of removal is vested exclusively in state court defendants.  A plaintiff simply may not remove an action.  14B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 4th § 3721 (2009).  Indeed, the statutes say as much.

---

[1] Although the notice of removal states that the defendant was served on October 6, 2010, the affidavit of service of the summons and complaint attached to the notice reflects that the defendant was served with the summons and complaint pursuant to NY VTL § 253 on October 6, 2011 and by certified mail, return receipt requested on October 7, 2011.  (Doc. No. 1 at 4-5.)

The parties' peculiar stipulation does not cure this defect. The stipulation purports to "transfer"-- not remove -- the state court action, and attempts to so do without specifying the procedural mechanism or statutory basis for such "transfer."[2] Moreover, the stipulation provides for such transfer to "either Federal District Court or the New Jersey Superior Court." It does not specify *which* federal district court, nor does it indicate who makes the choice or by what measure. While the stipulation is signed by counsel for defendant, all of the actions required pursuant to the stipulation are to be taken by plaintiff. For example, the stipulation states that "all costs, if any, for transferring [are to] be incurred by the Plaintiff," and that "Plaintiff is to notify Defendant's counsel as to when the matter has been officially transferred and provide Defendant's counsel with the new Docket Number." As such, this rather flexible stipulation, one crafted to resolve an unspecified motion, hardly manifests the defendant's clear intent to invoke federal diversity jurisdiction to remove the state action to this Court.

In addition, diversity jurisdiction exists to accord a federal forum to an out-of-state party in order to protect it against prejudice in favor of in-state adversaries. Here, it appears that it is plaintiff, a citizen of Queens New York, who has opted to choose the federal forum in his home district -- a choice plaintiff could not have made originally upon the filing of this action, and one in which defendant, it seems, appears to have little interest. Under these circumstances, the removal by plaintiff not only violates the plain language of the removal statute but completely undermines the purpose behind federal diversity jurisdiction.[3]

---

[2] The stipulation also states that it "resolves the motion before the Court on March 13, 2012." Nothing in the stipulation or the notice of removal identifies the nature of the motion filed or how the stipulation effects its resolution.

[3] There is also another significant defect in the removal. This action was commenced in September 2011, and the summons and complaint served on defendant in early October 2011. A defendant ordinarily has thirty days to remove the action from the date of service, or when he first ascertains, through discovery or otherwise, that the action is removable. 28 U.S.C. § 1446(b)(3). *See Moltner v. Starbucks*, 624 F.3d 34 (2d Cir. 2010). However, where, as here, the complaint does not set forth a demand for a specific amount of damages, removal may be proper where a defendant can prove by a preponderance of the evidence that the amount in controversy exceeds the

2

## CONCLUSION

For the reasons set forth herein, this case is REMANDED to Supreme Court of the State of New York, Queens County. The Clerk of Court is directed to so do, and close the file in this Court.

SO ORDERED.

Dated: Brooklyn, New York
      April 27, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

jurisdictional threshold. 28 U.S.C. § 1446(c)(2)(ii). More than six months has elapsed from the time of service, and the notice of removal does not specify when the action became removable, or demonstrate in any way why the action meets the jurisdictional threshold for the amount in controversy. As such, the removal is defective in this regard, and appears to be untimely.